# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| PERMANENT GENERAL ASSURANCE CORPORATION OF OHIO, | ) ) ) ) | CIVIL ACTION |
| Plaintiff, | ) ) | FILE NO. _____ |
| v. | ) ) | |
| DANIEL MARK MINICK, MARK MINICK, MINICK INTERIORS, INC., PROGRESSIVE MOUNTAIN INSURANCE COMPANY, THE ESTATE OF MICHAEL THOMAS MORRIS, LYNTON GODWIN, and FREDERICK UPDIKE, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT, AND SPECIFIC PERFORMANCE

Plaintiff Permanent General Assurance Corporation of Ohio ("The General") files this Complaint for Declaratory Judgment, Breach of Contract, and Specific Performance, respectfully showing this Court as follows:

## SUMMARY OF ACTION

1.

This Action arises out of claims for damages made by Defendant Daniel Minick ("Minick") against Defendant The Estate of Michael Thomas Morris (the "Morris Estate") in connection a June 24, 2022 automobile accident (the

"Accident"). Defendant Minick alleges that the Accident occurred on Hooks Mill Road in Sumter County, Georgia.

2.

On July 25, 2022, counsel for Minick wrote to The General setting forth a settlement demand (the "July Demand") in the amount of $25,000.00. Minick's counsel purported to make such demand pursuant to O.C.G.A. § 9-11-67.1. A true and correct copy of the July Demand as received by The General is attached as Exhibit "A."

3.

The July Demand identifies "Our Client" as "Daniel Minick" on its first page, and the first line of the July Demand begins, "This law firm has been retained to represent Daniel Minick for all claims …." The July Demand otherwise refers to Minick as "Daniel Minick," except that, at page 5 of the July Demand, counsel states that payment should be made for the benefit of "*David* Minick."

4.

The July Demand did not enclose sufficient medical records as contemplated under Section 9-11-67.1(a)(2) and otherwise violated express requirements of that statute.

5.

Although The General both accepted Minick's settlement demand and tendered a check made out for the benefit of Daniel Minick – *the individual in fact allegedly injured* – Minick has taken the position that The General's failure to tender a check **to a non-existent claimant** renders The General liable for damages in excess of the liability limit of the applicable automobile insurance policy, including as set forth via a written extracontractual demand dated October 3, 2022 (the "October Demand") demanding $2 million in settlement. A true and correct copy of the October Demand as received by The General is attached as Exhibit "B."

6.

Tellingly, the October Demand refers only to "Daniel Minick" and demands payment be made out for the benefit of "Daniel Minick."

7.

The General seeks a declaration that (1) The General and Minick entered into an enforceable settlement agreement following The General's acceptance of Minick's demand and payment to Minick in compliance with the same and that (2) Minick's failure to comply with the requirements of O.C.G.A. § 9-11-67.1 means that no extracontractual exposure is at issue regardless.

8.

The General also asserts a count for breach of contract and specific performance following Minick's failure to effectuate the settlement contract entered into by the parties.

**PARTIES, JURISDICTION AND VENUE**

9.

Plaintiff The General is a Wisconsin corporation with its principal place of business in Nashville, Tennessee, and thus is a citizen of both Wisconsin and Tennessee.

10.

Upon information and belief, Defendant Minick is a citizen of Georgia and a resident of Sumter County, Georgia and may be personally served at 2176 Georgia Highway 195 North, Americus, Georgia 31709 or at 112 Cotton Avenue, Americus, Georgia 31709.  Defendant Minick is subject to the jurisdiction of this court and venue as to him is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) and Local Rule 3.4.

11.

Upon information and belief, Defendant Mark Minick is a citizen of Georgia and a resident of Sumter County, Georgia and may be personally served at 2176 Georgia Highway 195 North, Americus, Georgia 31709 or at 112 Cotton Avenue,

Americus, Georgia 31709.  Defendant Mark Minick is subject to the jurisdiction of this court and venue as to him is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) and Local Rule 3.4.  Mark Minick has been identified by Minick as the named insured under a Progressive Mountain Insurance Company policy purportedly providing underinsured motorist benefits in connection with the Accident.

12.

Upon information and belief, Defendant Minick Interiors, Inc. is a Georgia corporation with its principal place of business in Americus, Georgia and may be served via its registered agent, Daniel Minick, at 112 Cotton Avenue, Americus, Georgia 31709.  Defendant Minick Interiors is subject to the jurisdiction of this court and venue as to it is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) and Local Rule 3.4.  Minick Interiors, Inc. has been identified by Minick as the named insured under a Progressive Mountain Insurance Company policy purportedly providing underinsured motorist benefits in connection with the Accident.

13.

Upon information and belief, Defendant Progressive Mountain Insurance Company is an Ohio corporation with its principal place of business in Mayfield Village, Ohio and may be served via its registered agent, C T Corporation, at 289 S. Culver Street, Lawrenceville, Georgia 30046.  Defendant Progressive is subject to the jurisdiction of this court and venue as to it is proper pursuant to 28 U.S.C. §

1391(b)(1) and (2) and Local Rule 3.4. Progressive purportedly provides underinsured motorist coverage at issue with respect to the Accident.

14.

Upon information and belief, Defendant the Morris Estate is a citizen of Georgia and a resident of Sumter County, Georgia and may be personally served at 111 Rockdale Subdivision Loop, Americus, Georgia 31709. Defendant the Morris Estate is subject to the jurisdiction of this court and venue as to him is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) and Local Rule 34.

15.

Upon information and belief, Defendant Lynton Godwin is a citizen of Georgia and a resident of Schley County, Georgia and may be personally served at 1459 Green Road, Ellaville, Georgia 31806. Defendant Lynton Godwin is subject to the jurisdiction of this court and venue as to him is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) and Local Rule 34. Defendant Godwin is also a claimant as to the alleged negligence of Michael Thomas Morris.

16.

Upon information and belief, Defendant Frederick Updike is a citizen of Georgia and a resident of Sumter County, Georgia and may be personally served at 116 Briarwood Circle, Americus, Georgia 31709. Defendant is subject to the jurisdiction of this court and venue as to him is proper pursuant to 28 U.S.C. §

1391(b)(1) and (2) and Local Rule 34.  Defendant Updike is also a claimant as to the alleged negligence of Michael Thomas Morris.

17.

The General files this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. as well as pursuant to Georgia statutory and common law governing settlement contracts.

18.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between The General and Defendants, and the amount in controversy exceeds $75,000, exclusive of costs.

19.

Venue is proper in the Albany Division of the United States District Court for the Middle District of Georgia.

**THE JULY DEMAND AND THE GENERAL'S ACCEPTANCE**

20.

By letter dated July 20, 2022, Minick's counsel wrote to The General requesting insurance information and setting forth an initial settlement demand.  The letter repeatedly identifies Minick as "Daniel Minick" as well as "David Minick" but also encloses a "GEORGIA MOTOR VEHICLE CRASH REPORT" identifying

"Daniel Minick." A true and correct copy of the July 20, 2022 correspondence is attached as Exhibit "C."

21.

Thereafter, on July 25, 2022, Minick's counsel sent the July demand, purportedly pursuant to O.C.G.A. § 9-11-67.1.

22.

The July Demand sought $25,000 – the liability limit of the potentially-applicable policy – and provided thirty (30) days from The General's receipt for acceptance.

23.

The July Demand also specified that payment was to be received within forty (40) days of receipt.

24.

Though supposedly made pursuant to Section 9-11-67.1 of the Georgia Code, the July Demand failed to enclose medical records as contemplated by subsection (a)(2) of that statute, which provides, in relevant part, that the offer to settle "*[s]hall* include medical or other records in the offeror's possession incurred as a result of the subject claim that are sufficient to allow the recipient to evaluate the claim …." (Emphasis added.)

25.

The July Demand additionally asserts at page 5 "that that all communications must be directed to bts@shrablelawfirm.com or will be deemed a rejection."

26.

The July Demand repeatedly refers to Minick as "Daniel Minick," though it also asserts that payment is to be made for the benefit of "David Minick."

27.

Outside counsel for the Morris Estate, acting at the behest of The General, accepted the July demand by letter dated August 15, 2022. The letter was sent via fax and by email to the address indicated in the July Demand. The General thereafter sent a check dated August 10, 2022 made out to "The Shrable Law Firm, P.C. f/b/o Daniel Minick." A requested affidavit regarding the existence of other coverage was signed effective August 12, 2022 and also transmitted.

**COUNT ONE – DECLARATORY JUDGMENT – ALL DEFENDANTS
THE GENERAL ACCEPTED MINICK'S DEMAND**

28.

The General repeats and realleges the foregoing paragraphs as if fully set forth herein.

29.

In his October Demand, the only act identified by Minick's counsel as supposedly constituting a rejection of the July Demand is The General's having tendered payment to "Daniel Minick," rather than "David Minick."

30.

Daniel Minick is, in fact, the claimant, however.

31.

"David Minick" is not the claimant and is not counsel's client.

32.

Minick's position that *only payment to the incorrect payee* could satisfy the terms of Section 9-11-67.1 cannot be countenanced at law or in equity, including, but not limited to, because such a state of affairs would allow claimants to purport to set forth demands under that code section that *cannot be accepted*.

33.

Indeed, if Minick's position were to be endorsed by any court applying Georgia law, it would mean that insurer might face extracontractual exposure for failing to issue a check that *cannot be successfully negotiated by the claimant*.

34.

The General is therefore entitled to a judicial declaration that it accepted the July Demand and that a binding settlement contract was created.

## COUNT TWO – DECLARATORY JUDGMENT – ALL DEFENDNATS MINICK'S DEMAND VIOLATED THE REQUIREMENTS OF O.C.G.A. § 9-11-67.1

35.

The General repeats and realleges the foregoing paragraphs as if fully set forth herein.

36.

Section 9-11-67.1 of the Georgia Code provides , in relevant part:

(a) Prior to the filing of an answer, any offer to settle a tort claim for personal injury, bodily injury, or death arising from the use of a motor vehicle and prepared by or with the assistance of an attorney on behalf of a claimant or claimants shall be in writing and:

> (1) Shall contain the following material terms:
>
>> (A) The time period within which such offer must be accepted, which shall be not less than 30 days from receipt of the offer;
>>
>> (B) Amount of monetary payment;
>>
>> (C) The party or parties the claimant or claimants will release if such offer is accepted;
>>
>> (D) For any type of release, whether the release is full or limited and an itemization of what the claimant or claimants will provide to each releasee; and
>>
>> (E) The claims to be released;
>
> (2) Shall include medical or other records in the offeror's possession incurred as a result of the subject claim that are sufficient to allow the recipient to evaluate the claim; and
>
>> (3) May include a term requiring that in order to settle the claim the recipient shall provide the offeror a statement, under oath,

> regarding whether all liability and casualty insurance issued by the recipient that provides coverage or that may provide coverage for the claim at issue has been disclosed to the offeror.
>
> (b)(1) Unless otherwise agreed by both the offeror and the recipients in writing, the terms outlined in subsection (a) of this Code section shall be the only terms which can be included in an offer to settle made under this Code section.
>
> \*\*\*
>
> (e) An offer to settle made pursuant to this Code section shall be sent by certified mail or statutory overnight delivery, return receipt requested, shall specifically reference this Code section, and shall include an address or a facsimile number or email address to which a written acceptance pursuant to subsection (b) of this Code section may be provided.

37.

Section 9-11-67.1(b) specifies that a party may not include terms other than those set forth in subsection (a).

38.

Although subsection (e) provides that a party must include an email address or other address to which written acceptance may be sent, the statute expressly provides that acceptance to the address specified may not be made a condition of acceptance.

39.

By asserting that acceptance other than to a specified email address would constitute a rejection of Minick's demand, Minick's counsel violated the express

provisions of Section 9-11-67.1(a) and (b) and rendered the demand invalid for purposes of later reliance on that code section.

40.

The July Demand also failed to satisfy the requirements of Section 9-11-67.1 by virtue of its failure to enclose medical records sufficient to allow The General to evaluate the July Demand.

41.

The July Demand references medical special damages totaling $23,196.75 from nine (9) separate providers.

42.

In his July 25, 2022 email transmitting the July Demand to "claims@thegeneral.com," counsel admits, "I do not have all medical records and bills …."

43.

In a subsequent August 5, 2022 email, counsel did provide medical records "as a supplement to my client's demand." Again, however, these records were not provided with the demand.

44.

Another supplement was provided by email dated August 12, 2022.

45.

Although Minick therefore provided additional information following transmission of the July Demand, these records were not provided along with the demand as contemplated by O.C.G.A. § 9-11-67.1(a)(2).

46.

Given Minick's failure to fulfill the requirements of Code Section 9-11-67.1, his demand was invalid as contemplated by that statute, and The General is entitled to a judicial declaration that it cannot be liable in excess of policy limits pursuant to that code section and as asserted by Minick via his October Demand.

**COUNT THREE – BREACH OF CONTRACT – DANIEL MINICK**

47.

The General repeats and realleges the foregoing paragraphs as if fully set forth herein.

48.

Following The General's acceptance of Minick's demand, a binding settlement contract was created.

49.

Minick has breached said settlement contract by refusing to effectuate the agreed settlement, including through his failure to accept the payment provided by

The General in settlement of his claims and in the face of The General having fully performed its responsibilities as contemplated by the parties' agreement.

50.

The General has been damaged by said breach, including in the face of Minick's October Demand seeking extracontractual relief, in the form of nominal and other damages, and by virtue of the necessity of retaining counsel both to defend The Morris Estate and to provide coverage counsel and prosecute this lawsuit.

51.

Minick is liable for breach of contract, therefore.

**COUNT FOUR – SPECIFIC PERFORMANCE – DANIEL MINICK**

52.

The General repeats and realleges the foregoing paragraphs as if fully set forth herein.

53.

Under the circumstances as alleged, and given The General's unequivocal acceptance of Minick's demand and payment for his benefit, an order for specific performance of the settlement contract is justified.

54.

The settlement contract is fair, just, and not against good conscience, and its enforcement is proper pursuant to well-established principles of equity.

55.

The General therefore additionally seeks an order for specific performance requiring Minick to honor the settlement contract as entered into by the parties.

WHEREFORE, The General respectfully requests that this Court (1) enter a Declaratory Judgment in The General's favor declaring that The General accepted Minick's July Demand; (2) enter a Declaratory Judgment in The General's favor declaring that Minick's demand was invalid as contemplated by Section 9-11-67.1 of the Georgia Code so as to prevent even the possible imposition of extracontractual exposure; (3) find that Minick breached the settlement contract entered into with The General by failing to effectuate the settlement agreed to; (4) order specific performance of the settlement contract; (5) grant a trial by jury; and (6) award such other and further relief as this Court deems just and proper.

Respectfully submitted this 29th day of November, 2022.

**KERSHAW WHITE LLC**

*/s/ Jeffrey A. Kershaw*
**JEFFREY A. KERSHAW**
Georgia Bar No. 159054
**R. PATRICK WHITE**
Georgia Bar No. 754806

*Counsel for Plaintiff*
*Permanent General Assurance*
*Corporation of Ohio*

5881 Glenridge Drive, Suite 100
Atlanta, GA  30328
470-443-1100 main phone
470-344-0958 direct dial
404-748-1179 fax
*jeff.kershaw@kershawwhite.com*
*patrick.white@kershawwhite.com*