UNITED STATES DISTRICT COURT

For the

MIDDLE DISTRICT OF GEORGIA

ALBANY DIVISION

| | |
|---|---|
| **Permantent General Arruance Corporation of Ohio,** )<br>)<br>) | |
| v.   ) | Civil Action: 1:22-CV-197 (LAG) |
| ) | |
| **Daniel Mark Minick, Mark Minick, Minick Interiors, Inc., Progressive Mountain Insurance Company, The Estate of Michael Thomas Morris, Lynton Godwin, and Frederick Updike.** )<br>)<br>)<br>)<br>)<br>) | |
| **Defendant.**   ) | |

**DEFENSES AND ANSWER**

COMES NOW the Defendant Lynton Godwin (Godwin), by and through his undersigned counsel of record in the above-styled case, and files this Answer and Defenses to the COMPLAINT FOR DECLARATORY JUDGEMENT, BREACH OF CONTRACT, AND SPECIFIC PERFORMANCE filed in this Court showing the following:

**DEFENSES**

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted against this Defendant as this Defendant made no demand prior to this Complaint being filed. *Fed. R. Cvi. P. 12(b)(6)*.

**SECOND DEFENSE**

1

To the extent shown through discovery, Defendant raises all those affirmative defenses outlined in *Fed. R. Civ. P. 8., Fed. R. Civ. P. 12., and Fed. R. Civ. P. 12(f),* and does not waive any other defenses.

### THIRD DEFENSE

Defendant expressly reserves the right to raise any additional claims or affirmative defenses that may be discovered and, as such, does not waive any such future claims and/or defenses. Additionally, Defendant expressly reserves the right to strike any allegation in the Complaint which is not supported by the evidence and would be immaterial and/or irrelevant. The defense asserted herein is based upon the initial theories of Defendant's counsel. The final determination of defenses will be made by the evidence presented at the time of trial.

### ANSWER TO COMPLAINT

1.

Defendant was unaware of any claims for damages made by Defendant Daniel Minick (Minick) against the Estate of Michael Thomas Morris (Morris). However, Defendant admits he was an injured party in connection with the June 24, 2022, automobile accident.

2.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5).*

3.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5)*.

4.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5)*.

5.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5)*.

6.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5)*.

7.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5)*.

8.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5)*.

9.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5)*.

10.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5).*

11.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5).*

12.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5).*

13.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5).*

14.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5).*

15.

Defendant admits that he is a resident of Schley County, Georgia and is subject to this court's jurisdiction.

16.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5)*.

17.

Defendant denies that this matter is appropriately filed under Federal Declaratory Judgement Act, 28 U.S.C. § 2201 *et seq*., in that the Plaintiff's injury is not concrete, actual, yet it is conjectural and hypothetical. *See White Tail Park v. Stroube, 413 F.3d. U.S. 555, 560-61 (1992), cited in Johnson v. Shree Radhe Corp. (D. S.C. 2018)*.

18.

Defendant denies that subject matter jurisdiction pursuant to 28. U.S.C. § 1332 (a)(1), is properly with this Court as the amount in controversy exceeding $75,000.00 is hypothetical. *See White Tail Park*.

19.

Defendant admits the venue would be proper if the amount in controversy was concrete and this matter was properly filed under the Federal Declaratory Judgement Act, 28 U.S.C. § 2201 *et seq*.

20.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5)*.

21.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5)*.

22.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5)*.

23.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5)*.

24.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5)*.

25.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5)*.

26.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5)*.

27.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5)*.

28.

Defendant accepts allegations of paragraph 28, not admitting to any forgoing paragraphs, further affirming answers as stated above.

29.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5)*.

30.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5)*.

31.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5)*.

32.

Defendant agrees with Minick that "Nothing in the Code Section is intended to prohibit parties from reaching a settlement agreement in a manner and under terms otherwise agreeable to the parties." O.C.G.A. § 9-11-67.1 (c).

33.

Defendant denies Plaintiffs allegation in paragraph 33.

34.

Defendant denies Plaintiffs allegation in paragraph 33.

35.

Defendant accepts allegations of paragraph 28, not admitting to any forgoing paragraphs, further affirming answers as stated above.

36.

Defendant admits that this is O.C.G.A. § 9-11-67.1. However, Plaintiff failed to cite the code section in its entirety, omitting Section c, which reads:

> c. Nothing in this Code section is intended to prohibit parties from reaching a settlement agreement in a manner and under terms otherwise agreeable to both the offeror and recipient of the offer.
>
> O.C.G.A.§ 9-11-67.1

37.

Defendant denies the allegation alleged. See O.C.G.A.§ 9-11-67.1.

38.

Defendant denies the allegation alleged. See O.C.G.A.§ 9-11-67.1.

39.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8.(b)(5).*

40.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8.(b)(5).*

41.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5).*

42.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5).*

43.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5).*

44.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5).*

45.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5).*

46.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5).*

47.

Defendant accepts allegations of paragraph 28, not admitting to any forgoing paragraphs, further affirming answers as stated above.

48.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5).*

49.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5).*

50.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5).*

51.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5).*

52.

Defendant accepts allegations of paragraph 28,not admitting to any forgoing paragraphs, further affirming answers as stated above.

53.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5).*

54.

Defendant lacks knowledge of information alleged in this paragraph. *Fed. R. Cvi. P. 8. (b)(5).*

55.

Defendant is without knowledge whether Minick and General entered into a binding contract, therefore, he is without knowledge whether General is entitled to specific performance.

WHEREFORE, Defendant prays:

(a) That his Complaint be dismissed for failure to state a claim upon which relief can be granted against this Defendant ;

(b) That the Complaint be dismissed for as the Plaintiff's claim is hypothetical; and

(c) That the Defendant be given such further and other relief as to the Court seems just and proper.

This 19 day of December, 2022

/s/ Wesley B. Beamon
Wesley B. Beamon
Attorney for Defendant Godwin
Georgia Bar No. 259834
504 Millard Fuller Blvd.
Americus, Georgia 31709
Email – wesbeamon@beamonlaw.com
Phone – (229)942-9059

UNITED STATES DISTRICT COURT

For the

MIDDLE DISTRICT OF GEORGIA

ALBANY DIVISION

| | |
|---|---|
| **Permantent General Arruance** ) <br> **Corporation of Ohio,** ) <br> ) <br> v.                                                            ) <br> ) <br> **Daniel Mark Minick, Mark Minick,** ) <br> **Minick Interiors, Inc., Progressive** ) <br> **Mountain Insurance Company,** ) <br> **The Estate of Michael Thomas Morris,** ) <br> **Lynton Godwin, and Frederick Updike.** ) <br> ) <br> **Defendant.** ) | **Civil Action: 1:22-CV-197 (LAG)** |

CERTIFICATE OF SERVICE

I do hereby certify that on this date, I caused a true and correct copy of this DEFENSE AND ANSWER to be served upon the following via U.S. Mail to:

Jeffrey A. Kershaw
Kershaw White, LLC.
5881 Glenridge Drive, Suite 100
Atlanta, GA 30328

Dated: December 19, 2022

/s/ Wesley B. Beamon_____
Wesley B. Beamon
Attorney for Defendant Godwin
State Bar No. 259834

504 Millard Fuller Blvd.
Americus, GA 31709
(229)942-9059
wesbeamon@beamonlaw.com