IN THE UNITED STATES DISTRICT COURT
MIDDLE DISCTRICT OF GEORGIA
STATE OF GEORGIA

| | |
|---|---|
| Permanent General Assurance, Corporation of Ohio | * * * |
| Plaintiff, | * Civil Action No.: * 1:22-CV-00197-LAG * |
| v. | * * |
| Daniel Mark Minick, Mark Minick, Minick Interiors, Inc., Progressive Mountain Insurance Company, The Estate of Michael Thomas Morris, Lynton Godwin and Frederick Updike | * * * * * * |
| Defendants. | * |

## ANSWER AND DEFENSES OF DEFENDANT TO COMPLAINT FOR DECLARATORY JUDGEMENT, BREACH OF CONTRACT AND SPECIFIC PERFORMANCE

To Plaintiff's Complaint for Declaratory Judgment, Breach of Contract, and Specific Performance, the following answer and defenses are hereby made by Defendant, Frederick Updike.

### FIRST DEFENSE

The Complaint fails to set forth a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Defendant raises all affirmative defenses set forth in Federal Rules and Procedure 8,12 and 12F and does not waive said defenses.

### THIRD DEFENSE

Defendant denies that any issues for declaratory judgment apply to this defendant and therefore this defendant should be summarily dismissed from this action.

### FOURTH DEFENSE

Defendant denies that he is a party to any contact with Plaintiff and denies that he has breached any contract with Plaintiff, and therefore, should be summarily dismissed from this action.

### FIFTH DEFENSE

Defendant denies that he is a party to any contact with Plaintiff, denies that he has breached any contract with Plaintiff, and denies that he is subject to specific performance of any action and, therefore, should be summarily dismissed from Plaintiff's complaint.

### SIXTH DEFENSE

Defendant Shows that there are absolutely no allegations of against this Defendant in Plaintiff's Complaint that he is a party to any contract with Plaintiff, that he is in breach of any contract with Plaintiff and that he is subject to any specific performance requirements under any contract with Plaintiff and therefore, this defendant should be summarily from this action.

**SEVENTH DEFENSE**

Defendant responsively answers the paragraphs of the Complaint, the various allegations and averments therein contained as follows:

1.

Defendant admits that a motor vehicle collision occurred on June 24, 2022, on Hooks Mill Road in Sumter County, Georgia. Defendant for want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the remaining allegations contained in paragraph number 1 of Plaintiff's Complaint.

2.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 2 of Plaintiff's Complaint.

3.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 3 of Plaintiff's Complaint.

4.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither

admit nor deny the allegations contained in paragraph number 4 of Plaintiff's Complaint.

5.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 5 of Plaintiff's Complaint.

6.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 6 of Plaintiff's Complaint.

7.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 7 of Plaintiff's Complaint.

8.

Defendant admits plaintiff is asserting account for breach of contract and specific performance, but defendant denies that he is a party to any contract with the general and denies that he is subject to specific performance.

9.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 9 of Plaintiff's Complaint.

10.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 10 of Plaintiff's Complaint.

11.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 11 of Plaintiff's Complaint.

12.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 12 of Plaintiff's Complaint.

13.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither

admit nor deny the allegations contained in paragraph number 13 of Plaintiff's Complaint.

14.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 14 of Plaintiff's Complaint.

15.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 15 of Plaintiff's Complaint.

16.

Defendant admits that he is a citizen of Georgia and residence of Sumter County, Georgia and may be personally served at 116 Briarwood Circle, Americus, Georgia 31709. Defendant further admits that he is also a claimant of the alleged negligence of Michael Thomas Morris. Defendant denies the remaining allegations contained in paragraph number 16 of Plaintiff's Complaint.

17.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither

admit nor deny the allegations contained in paragraph number 17 of Plaintiff's Complaint.

18.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 18 of Plaintiff's Complaint.

19.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 19 of Plaintiff's Complaint.

20.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 20 of Plaintiff's Complaint.

21.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 21 of Plaintiff's Complaint.

22.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 22 of Plaintiff's Complaint.

23.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 23 of Plaintiff's Complaint.

24.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 24 of Plaintiff's Complaint.

25.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 25 of Plaintiff's Complaint.

26.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither

admit nor deny the allegations contained in paragraph number 26 of Plaintiff's Complaint.

27.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 27 of Plaintiff's Complaint.

28.

In response to paragraph number 28 of Plaintiff's Complaint, Defendant reasserts and restates each and every defense, answer and response with reference to paragraph numbers 1 through 27 of Plaintiff's Complaint with the same effect as if repeated here, denying each allegation herein unless expressly admitted or specifically answered otherwise.

29.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 29 of Plaintiff's Complaint.

30.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 30 of Plaintiff's Complaint.

31.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 31 of Plaintiff's Complaint.

32.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 32 of Plaintiff's Complaint.

33.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 33 of Plaintiff's Complaint.

34.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 34 of Plaintiff's Complaint.

35.

In response to paragraph number 35 of Plaintiff's Complaint, Defendant reasserts and restates each and every defense, answer and response with reference to paragraph

numbers 1 through 34 of Plaintiff's Complaint with the same effect as if repeated here, denying each allegation herein unless expressly admitted or specifically answered otherwise.

36.

Defendant admits that paragraph 36 sest forth sections of O.C.G.A. 9-11-67.1. of Plaintiff's Complaint.

37.

Paragraph 37 of the Plaintiff's of Complaint is a statement of law that needs no response. Defendant shows that O.C.G.A. §9-11-67.1(b) speaks for itself. Defendant denies any remaining allegations contained in paragraph number 37 of Plaintiff's Complaint.

38.

Paragraph 38 of the Plaintiff's Complaint is a statement of law that needs no response. Defendant shows that O.C.G.A. §9-11-67.1(e) speaks for itself. Defendant denies any remaining allegations contained in paragraph number 38 of Plaintiff's Complaint.

39.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 39 of Plaintiff's Complaint.

40.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 40 of Plaintiff's Complaint.

41.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 41 of Plaintiff's Complaint.

42.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 42 of Plaintiff's Complaint.

43.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 43 of Plaintiff's Complaint.

44.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither

admit nor deny the allegations contained in paragraph number 44 of Plaintiff's Complaint.

45.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 45 of Plaintiff's Complaint.

46.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 46 of Plaintiff's Complaint.

47.

In response to paragraph number 47 of Plaintiff's Complaint, Defendant reasserts and restates each and every defense, answer and response with reference to paragraph numbers 1 through 46 of Plaintiff's Complaint with the same effect as if repeated here, denying each allegation herein unless expressly admitted or specifically answered otherwise.

48.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 48 of Plaintiff's Complaint.

49.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 49 of Plaintiff's Complaint.

50.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 50 of Plaintiff's Complaint.

51.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 51 of Plaintiff's Complaint.

52.

In response to paragraph number 52 of Plaintiff's Complaint, Defendant reasserts and restates each and every defense, answer and response with reference to paragraph numbers 1 through 51 of Plaintiff's Complaint with the same effect as if repeated here, denying each allegation herein unless expressly admitted or specifically answered otherwise.

53.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 53 of Plaintiff's Complaint.

54.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 54 of Plaintiff's Complaint.

55.

For want of sufficient information and knowledge upon which to form a belief as to the truth thereof, Defendant can neither admit nor deny the allegations contained in paragraph number 55 of Plaintiff's Complaint.

56.

Defendant denies any unanswered allegations unless affirmatively admitted herein.

57.

Defendant demand a trial by a jury of twelve persons.

WHEREFORE, having fully answered, Defendant prays that the demands of Plaintiff be denied and that the action be dismissed on the merits.

This 22nd day of December 2022.

Address of Counsel:

                              **YOUNG, THAGARD, HOFFMAN, LLP**

P. O. Box 3007                     BY: /s/Matthew R. Lawrence
Valdosta, GA 31604                   Matthew R. Lawrence
(229) 242-2520                         State Bar No.: 439870
FAX (229) 242-5040                  Attorney for Defendant
E-mail: mattlawrence@youngthagard.com    Frederick Updike

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the forgoing **ANSWER AND DEFENSES OF DEFENDANT TO COMPLAINT FOR DECLARATORY JUDGEMENT, BREACH OF CONTRACT AND SPECIFIC PERFORMANCE** upon the following by using the CM/ECF system appropriately addressed to:

Jeffrey A. Kershaw
Patrick White
Kershaw White, LLC
5881 Glenridge Drive, Suite 100
Atlanta, GA 30328
jeff.kershaw@kershawwhite.com
patrick.white@kershawwhite.com


Wesley B. Beamon
Beamon Law
504 Millard Fuller Blvd.
Americus, GA 31709
wesbeamon@beamonlaw.com

Samuel H. Sabulis
Jennifer L. Pridgeon
Lueder, Larkin & Hunter, LLC
3535 Piedmont Road, NE
Building 14, Suite 205
Atlanta, GA 30305

and U.S. Mail appropriately addressed to:

Daniel Mark Minick
2176 Georgia Highway 195 North
Americus, GA 31709

Mark Minick
2176 Georgia Highway 195 North
Americus, GA 31709

The Estate of Michael Thomas Morris
111 Rockdale Subdivision Loop
Americus, GA 31709

This 22nd  day of December 2022.

<u>/s/Matthew R. Lawrence</u>
Matthew R. Lawrence
Attorney for Frederick Updike